# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

HENRY EARL SIRVIRA,

    Defendant/Petitioner.

No. 13-40115-04-JAR
No. 16-4072-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Henry Sirvira's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 152). The Government has moved to dismiss Petitioner's motion (Doc. 161). For the reasons stated below, the Government's motion is granted.

Petitioner submits that his prior state convictions for aggravated robbery (x2) and attempted robbery no longer serve as predicate crimes of violence under U.S.S.G. § 4B1.2, and in turn, prevent enhancement of the base offense level under U.S.S.G. § 2K2.1, in the wake of the Supreme Court's decision in *Johnson v. United States*.[1] Petitioner further maintains that his trial counsel was ineffective for failing to foresee that the Supreme Court's decision in *Johnson* might apply retroactively to his case.

Petitioner's motion can be sustained only under circumstances where the Supreme Court of the United States finds that the advisory Federal Sentencing Guidelines are subject to scrutiny on vagueness grounds and that *Johnson* in turn applies retroactively to the Guidelines. On March 6, 2017, however, the Supreme Court issued its opinion in *Beckles v. United States*,

---

[1] 576 U.S. ---, 135 S. Ct. 2551 (2015).

holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause, [and] [t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."[2] Consequently, *Johnson* does not provide a retroactive gateway for Petitioner to challenge his sentence.

Petitioner's additional claim of trial counsel's ineffectiveness must likewise be dismissed. Trial counsel simply cannot be considered ineffective for failing to foresee the potential retroactive effects of a decision the Supreme Court determined is not retroactive.[3]

Accordingly, because Petitioner's motion is founded on a vagueness challenge to a sentence imposed under the advisory Guidelines, and *Beckles* dictates that such an argument is unavailable to Petitioner, his motion to vacate sentence must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Dismiss Petitioner Henry Sirvira's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 161) is GRANTED; Petitioner's § 2255 motion (Doc. 152) is hereby DISMISSED; and Petitioner's Motion to Appoint Counsel (Doc. 153) is MOOT.

**IT IS SO ORDERED.**

Dated: May 19, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[2] 137 S. Ct. 886, 892 (2017).

[3] *See, e.g., United States v. Smith,* 241 F.3d 546, 548 (7th Cir. 2001) (finding trial counsel was not ineffective for failing to anticipate the Court's decision in *Apprendi*).