**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

HENRY EARL SIRVIRA,

    Defendant.

Case No. 13-40115-04-JAR

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Henry Sirvira's *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. 217). The government has responded,[1] and Sirvira has replied.[2] Having carefully reviewed the record and the arguments presented, the Court dismisses Petitioner's motion as an unauthorized second or successive § 2255 motion.

**I.    Factual and Procedural History**

On March 16, 2015, Sirvira pleaded *nolo contendre* pursuant to Fed. R. Crim. P. 11(a)(3) and 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[3] On June 25, 2015, Sirvira was

---

[1]Doc. 218.
[2]Doc. 219.
[3]Doc. 137.

sentenced to 132 months' imprisonment pursuant to the binding plea agreement, which is substantially lower than the advisory Guidelines range.[4]

The Court subsequently denied Sirvira's first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and dismissed Sirvira's Motion for Appointment of Counsel for assistance with pursuing relief under 28 U.S.C. § 2255 as moot.[5] Sirvira appealed this decision, but the Tenth Circuit dismissed his appeal for lack of prosecution.[6] Sirvira now moves a second time for the Court to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's recent decision in *United States v. Davis*.[7]

## II. Standard

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[8]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[9] Because Sirvira's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack

---

[4]Docs. 145, 146.
[5]Doc. 162.
[6]Doc. 167.
[7]139 S. Ct. 2319 (2019).
[8]28 U.S.C. § 2255(b).
[9]*See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

2

of jurisdiction.[10] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[11]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[12] First, a prisoner who wishes to file a successive § 2255 motion has the burden of showing either: (1) "newly discovered evidence that, if proven in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[13] Second, in a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.[14] Finally, factors considered in deciding whether a transfer "is in the interests of justice" include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[15]

---

[10]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[11]*Id.*

[12]*Id.* at 1252–53.

[13]28 U.S.C. § 2255(h).

[14]28 U.S.C. § 2255(f).

[15]*In re Cline*, 531 F.3d at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

**III. Discussion**

In *United States v. Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under due process and separation of powers principles.[16] The Tenth Circuit recently held that *Davis* is a new constitutional rule retroactively applicable on collateral review.[17] Sirvira's motion is within the one-year statute of limitations from the United States Supreme Court *Davis* decision.[18] However, as further explained below, the Court finds that Sirvira's claim is not likely to have merit. Therefore, it is not in the interest of justice to transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631 and Sirvira's motion is dismissed for lack of jurisdiction.

In *Davis*, the residual clause was implicated because Davis had also been charged with conspiracy to commit Hobbs Act robbery, an offense that fell within the residual clause of § 924(c)(3)(B).[19] By contrast, Sirvira's underlying Hobbs Act robbery convictions implicated the elements clause of § 924(c)(3)(A). Sirvira's predicate offense was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) as described in Count Three.[20] "In *United States v. Melgar-Cabrera*, [the Tenth Circuit] held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'"[21]

---

[16] 139 S. Ct. 2319, 2336 (2019).

[17] *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

[18] 139 S. Ct. 2319 (2019). The United States Supreme Court decided *Davis* on June 24, 2019 and Sirvira filed his Motion to Vacate, Correct, or Set Aside Sentence on January 17, 2020.

[19] *Id.* at 2324.

[20] Doc. 1 at 3–4.

[21] *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018)).

4

Sirvira argues Hobbs Act robbery is not a crime of violence because it can be accomplished by damaging property, and that this entitles him to relief under *Davis*.[22] Although Sirvira correctly points out that the Northern District of California adopted this argument in *United States v. Chea*, that case is not binding on this Court.[23] Sirvira's use of language from the Tenth Circuit's opinions in *United States v. O'Connor*[24] and *Bowen* to advance his argument is also unavailing. *O'Connor* involved the relationship between Hobbs Act robbery and career offender sentencing guidelines—not 18 U.S.C. § 924(c)(3).[25] *Bowen* involved the relationship between 18 U.S.C. § 924(c)(3) and witness retaliation—not Hobbs Act robbery.[26]

In a more recent Tenth Circuit case, a defendant convicted of Hobbs Act robbery and a violation of 18 U.S.C. § 924(c)(3)—like Sirvira—made arguments almost identical to those made by Sirvira.[27] The Tenth Circuit rejected this argument, holding that "even if *Davis* 'appeared to suggest' that Hobbs Act robbery might not be a crime of violence under § 924(c)(3)(A), and we could reconsider *Melgar-Cabrera*, we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)" and that "*Melgar-Cabrera* is still binding precedent on this court, and, therefore, [the defendant] has not identified a viable constitutional challenge of his sentence."[28]

---

[22] Doc. 217-1 at 8–10.

[23] Nos. 98-cr-20005-1, 98-cr-40003-2, 2019 WL 5061085, at *13 (N.D. Cal. Oct. 2, 2019).

[24] 874 F.3d 1147 (10th Cir. 2017).

[25] *Id.* at 1153–54.

[26] *United States v. Bowen*, 936 F.3d 1091, 1102–03 (10th Cir. 2019).

[27] *United States v. Myers*, 786 F. App'x 161 (10th Cir. 2019), *petition for cert filed*, No. 19-7458, (U.S. Jan. 23, 2020); Appellant's Combined Opening Brief and Application for Certificate of Appealability, *United States v. Myers*, No. 18-5109 (10th Cir. Sep. 6, 2019) (arguing "Hobbs Act robbery does not satisfy § 924(c)'s elements clause" and that "Hobbs Act robbery can be accomplished by means of injury to property, and thus is not a crime of violence.")

[28] *Myers*, 786 F. App'x at 162–63 (internal citations omitted).

Under the binding precedent of *Melgar-Cabrera*, the predicate Hobbs Act robbery offense used to support Sirvira's conviction for brandishing a firearm in furtherance of a crime of violence was an offense under the elements clause in § 924(c)(3)(A), not the residual clause under § 924(c)(3)(B). Consequently, *Davis* has no impact and Sirvira's claim is not likely to have merit. The Court therefore finds that it is not in the interest of justice to transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631 and Petitioner's motion is dismissed for lack of jurisdiction. The Court further finds that a certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[29]

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Henry Sirvira's Motion to Vacate, Correct, or Set Aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 217) is **dismissed** as an unauthorized second or successive motion. Sirvira is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: <u>March 13, 2020</u>

                                              S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[29]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted).