## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                              **Case No. 13-40115-04-JAR**

**HENRY EARL SIRVIRA,**

      **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Henry Sirvira's *pro se* Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255 (Doc. 229).  Sirvira also requests the Court to appoint him counsel in these proceedings (Doc. 230).  The matter has been fully briefed and the Court is ready to rule.  Having carefully reviewed the record and the arguments presented, the Court denies Sirvira's motion without holding an evidentiary hearing. Sirvira's motion to appoint counsel is also denied.

I.      **Factual and Procedural History**

On March 16, 2015, Sirvira pleaded *nolo contendre* pursuant to Fed. R. Crim. P. 11(a)(3) and 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[1]  On June 25, 2015, Sirvira was

---

[1] Doc. 137.

sentenced to 132 months' imprisonment pursuant to the binding plea agreement, which is substantially lower than the advisory Guidelines range.[2]

The Court subsequently denied Sirvira's first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and dismissed Sirvira's Motion for Appointment of Counsel for assistance with pursuing relief under 28 U.S.C. § 2255 as moot.[3]  Sirvira appealed this decision, but the Tenth Circuit Court of Appeals dismissed his appeal for lack of prosecution.[4]

Sirvira moved a second time for the Court to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's decision in *United States v. Davis*.[5]  This Court dismissed Sirvira's motion as an unauthorized second or successive motion under § 2255(h).[6]  The Tenth Circuit subsequently granted Sirvira authorization to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence under *Davis*.[7]  This § 2255 motion followed.

## II.    Discussion

Section 2255 entitles a federal prisoner to relief if the court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[8]

In *United States v. Davis*, the Supreme Court held that the residual clause of 18 U.S.C.

---

[2] Docs. 145, 146.

[3] Doc. 162.

[4] Doc. 167.

[5] 139 S. Ct. 2319 (2019).

[6] Doc. 222.

[7] Doc. 225 (granting authorization but not considering the merits of the second or successive motion).

[8] 28 U.S.C. § 2255(b).

§ 924(c)(3)(B) is unconstitutionally vague under due process and separation of powers principles.[9]  The Tenth Circuit recently held that *Davis* is a new constitutional rule retroactively applicable on collateral review.[10]  However, Sirvira's reliance on *Davis* is misplaced.

In *Davis*, the residual clause was implicated because Davis had also been charged with conspiracy to commit Hobbs Act robbery, an offense that fell within the residual clause of § 924(c)(3)(B).[11]  By contrast, Sirvira's underlying Hobbs Act robbery convictions implicated the elements clause of § 924(c)(3)(A).  Sirvira's predicate offense was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) as described in Count Three of the Indictment.[12]  "[I]n *United States v. Melgar-Cabrera*, [the Tenth Circuit] held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force, and the force element in Hobbs Act robbery 'can only be satisfied by violent force.'"[13]

Sirvira argues Hobbs Act robbery is not a crime of violence because it can be accomplished by damaging property, and that this entitles him to relief under *Davis*.[14]  Although Sirvira correctly points out that the Northern District of California adopted this argument in *United States v. Chea*, that case is not binding on this Court.[15]  Sirvira's use of language from the

---

[9] 139 S. Ct. at 2336.

[10] *United States v. Bowen*, 936 F.3d 1091, 1097–98 (10th Cir. 2019).

[11] *Davis*, 139 S. Ct. at 2324.

[12] Doc. 1 at 3–4.

[13] *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (quoting *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018)).

[14] Doc. 229 at 8–10.

[15] Nos. 98-cr-20005-1, 98-cr-40003-2, 2019 WL 5061085, at *13 (N.D. Cal. Oct. 2, 2019).

Tenth Circuit's opinions in *United States v. O'Connor*[16] and *United States v. Bowen*[17] to advance his argument is also unavailing.  *O'Connor* involved the relationship between Hobbs Act robbery and career offender sentencing guidelines—not 18 U.S.C. § 924(c)(3).[18]  *Bowen* involved the relationship between 18 U.S.C. § 924(c)(3) and witness retaliation—not Hobbs Act robbery.[19]

In a more recent Tenth Circuit case, a defendant convicted of Hobbs Act robbery and a violation of 18 U.S.C. § 924(c)(3)—like Sirvira—made arguments almost identical to those made by Sirvira.[20]  The Tenth Circuit rejected this argument, holding that "even if *Davis* 'appeared to suggest' that Hobbs Act robbery might not be a crime of violence under § 924(c)(3)(A), and we could reconsider *Melgar-Cabrera*, we would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)" and that "*Melgar-Cabrera* is still binding precedent on this court, and, therefore, [the defendant] has not identified a viable constitutional challenge of his sentence."[21]

Under the binding precedent of *Melgar-Cabrera*, the predicate Hobbs Act robbery offense used to support Sirvira's conviction for brandishing a firearm in furtherance of a crime of violence was an offense under the elements clause in § 924(c)(3)(A), not the residual clause under § 924(c)(3)(B).  Consequently, *Davis* has no impact and Sirvira is not entitled to relief. Sirvira's motion to appoint counsel is also denied.[22]

---

[16] 874 F.3d 1147 (10th Cir. 2017).

[17] 936 F.3d 1091, 1102–03 (10th Cir. 2019).

[18] *O'Connor*, 874 F.3d. at 1153–54.

[19] *Bowen*, 936 F.3d at 1102–03.

[20] *United States v. Myers*, 786 F. App'x 161 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1288 (2020).

[21] *Id.* at 162–63 (internal citations omitted).

[22] *See United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006) (explaining there is no right to counsel in collateral proceedings (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987))).

### III.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[23]  A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[24]  For the reasons explained above, Sirvira has not made a substantial showing of a denial of a constitutional right and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Henry Sirvira's Motion to Vacate, Correct, or Set Aside his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 229) is **denied** without an evidentiary hearing.  Sirvira's Motion to Appoint Counsel (Doc. 230) is **denied** and he is also **denied** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: <u>October 22, 2020</u>

         S/ Julie A. Robinson
         JULIE A. ROBINSON
         CHIEF UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 2253(c)(2).

[24] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).