IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-40115-04-JAR |
| HENRY EARL SIRVIRA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Henry Sirvira's *pro se* Motion to Amend Judgment of Restitution Injunctive Order (Doc. 236). Defendant requests modification of the payment schedule in his restitution judgment and asserts that the schedule is an invalid delegation of the Court's responsibility to set a payment schedule to the Bureau of Prisons ("BOP"). The government has responded and takes the position that the Court lacks jurisdiction to consider Defendant's request.[1] For the reasons explained below, the Court agrees with the government.

On March 16, 2015, Defendant pleaded *nolo contendere* pursuant to Fed. R. Crim. P. 11(a)(3) and 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[2] On June 25, 2015,

---

[1] Doc. 238.
[2] Docs. 137, 138.

1

Defendant was sentenced to 132 months' imprisonment pursuant to the binding plea agreement.[3] Defendant's subsequent attacks on the validity of his judgment and sentence have been unsuccessful.[4]

Relevant to the motion before the Court, Defendant was also ordered to pay a $300 assessment and $1,713.00 in restitution to three non-federal victims, joint and several with four co-defendants.[5] A Second Amended Judgment modifying the restitution amount due to $913.00 was entered June 25, 2020.[6] As part of the judgment, a payment schedule of "not less than 10% of the funds deposited each month into the inmate's trust fund account" was established.[7]

Defendant is currently in the custody of the BOP in Pekin, Illinois. He entered into a contract with the BOP Inmate Financial Responsibility Program ("IFRP") with UNICOR that authorizes the BOP to deduct 50% of a defendant's monthly wages for the payment of the financial obligations in his judgment.[8] To date, the Clerk of Court has received payments that have been applied first to the special assessment, then to the restitution judgment. On April 7, 2021, Defendant made a payment through the BOP of $582.50, which paid the restitution in full and created a $25.00 overpayment, which will be returned to Defendant. Thus, it appears Defendant's request to modify his restitution payment schedule is moot.

---

[3] Doc. 141.

[4] *See* Docs. 162, 167, 222, 239, 241, 246.

[5] Doc. 141.

[6] Doc. 145.

[7] *Id.*

[8] *See* 28 C.F.R. § 545.10 (under IFRP, the BOP "encourages each sentenced inmate to meet his or her financial obligations," and "assist[s] the inmate in developing a financial plan for meeting those obligations. . . ."). If an inmate refuses to participate in the IFRP, the BOP may impose sanctions such as restricting the inmate's access to the commissary or precluding the inmate from participating in community-based programs. 28 C.F.R. § 545.11(d).

Moreover, this Court lacks jurisdiction to rule on Defendant's motion to amend his restitution judgment. The Tenth Circuit has recognized that "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so[.]"[9] Other than a direct appeal, criminal judgments entered pursuant to the Mandatory Victims Restitution Act ("MVRA") may be modified by the district court under 18 U.S.C. § 3664(o), which sets forth the statutory exceptions to the finality of a restitution order entered under the MVRA.[10] None of the provisions in § 3664(o) provide a jurisdictional basis for the Court to consider Defendant's request for modification. Nor does Defendant assert a material change of financial circumstances under § 3664(k). Accordingly, this Court lacks jurisdiction to consider the merits of Defendant's motion.

Finally, even if the Court were to reach the merits of Defendant's motion, his assertion that the payment schedule is an unauthorized delegation of authority to the BOP is misplaced. The schedule of payments in Defendant's judgment setting a minimum percentage of deposits for the term of incarceration satisfies the requirements of 18 U.S.C. § 3664(f)(2). While the MVRA requires the sentencing court set a restitution schedule, it does not "prohibit an inmate from voluntarily making larger or more frequent payments than what was set by the sentencing court."[11] Defendant voluntarily entered into the IFRP contract to receive certain benefits during

---

[9] *United States v. Rainey*, 794 F. App'x 728, 731–32 (10th Cir. 2019) (citing *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).

[10] 18 U.S.C. § 3664(o) allows the district court to address the following actions post-judgment: (1) to correct the sentence under Fed. R. Crim. P. 35; (2) appeal of the judgment under 18 U.S.C. § 3742; (3) amend the judgment under 18 U.S.C. § 3664(d)(5); adjust the sentence for a material change of economic circumstances under 18 U.S.C. § 3664(k); imposition of a fine under 18 U.S.C. § 3572; effects of a defendant's default in payment of a fine or restitution under 18 U.S.C. § 3613A; revocation of probation under 18 U.S.C. § 3565; and resentencing upon failure to pay a fine or restitution.

[11] *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008); *see also Dozier v. Lake*, No. CV-15-477-TUC-JAS (LAB), 2016 WL 1714309, at *2 (D. Ariz. Apr. 29, 2016) (finding BOP did not usurp the province of the trial court by concluding that inmate could and should increase his IFRP rate of payment).

his term of incarceration, and the Court agrees that his obligations under that contract are independent from his court ordered legal obligations pursuant to his judgment.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Henry Sirvira's Motion to Amend Judgment of Restitution Injunctive Order (Doc. 236) is **dismissed** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: August 16, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
