## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                  Case No. 13-40115-04-JAR

HENRY EARL SIRVIRA,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Henry Earl Sirvira's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 254) seeking compassionate release. The matter is fully briefed, and the Court is prepared to rule. For the following reasons, the Court denies the motion.

## I.      Background

On March 16, 2015, Sirvira pleaded *nolo contendere* pursuant to Fed. R. Crim. P. 11(a)(3) and 11(c)(1)(C) to two counts of Hobbs Act violations under 18 U.S.C. § 1951(a) and one count of use, carry, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), stemming from the armed robberies of an EZ Payday Advance facility and a Family Dollar store located in Topeka, Kansas.[1] On June 25, 2015, Sirvira was sentenced to 132 months' imprisonment pursuant to the binding plea agreement, which is substantially lower than the advisory Guidelines range.[2]

---

[1] Doc. 137.

[2] Docs. 145, 146.

The Court subsequently denied Sirvira's first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and dismissed Sirvira's Motion for Appointment of Counsel for assistance with pursuing relief under 28 U.S.C. § 2255 as moot.[3]  Sirvira appealed this decision, but the Tenth Circuit Court of Appeals dismissed his appeal for lack of prosecution.[4]

Sirvira moved a second time for the Court to vacate his sentence under 28 U.S.C. § 2255 in light of the Supreme Court's decision in *United States v. Davis*.[5]  This Court dismissed Sirvira's motion as an unauthorized second or successive motion under § 2255(h).[6]  The Tenth Circuit subsequently granted Sirvira authorization to file a second or successive § 2255 motion challenging his § 924(c) conviction and sentence under *Davis*.[7]

On October 22, 2020, this Court again dismissed Sirvira's motion, further denying him a certificate of appealability.[8]  Sirvira did not successfully prosecute an appeal from that order.

On October 11, 2022, Sirvira filed the motion presently before the Court seeking compassionate release.  Sirvira seeks early release from Bureau of Prisons ("BOP") custody to time served and a reduction of his five-year term of supervised release to three years.  He argues that his § 924(c) conviction should be vacated in the wake of the Supreme Court's decision in *United States v. Taylor*[9]; that his overall sentence of 132-months' imprisonment was disparate from his co-defendants; that COVID-19 continues to be an extraordinary and compelling reason

---

[3] Doc. 162.

[4] Doc. 167.

[5] 139 S. Ct. 2319, 2336 (2019) (holding the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).

[6] Doc. 222.

[7] Doc. 225 (granting authorization but not considering the merits of the second or successive motion).

[8] Doc. 239.

[9] 142 S. Ct. 2015.

justifying early release; that monkeypox is an equally compelling reason for release; and that he has been successfully rehabilitated.

Under Standing Order 19-1, the Federal Public Defender ("FPD") has been appointed to represent indigent defendants who may qualify to seek compassionate release under § 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD must notify the Court within fifteen days of filing any *pro se* compassionate release motion whether it intends to enter an appearance on behalf of the defendant or seek additional time to make such a determination.  The FPD has notified the Court that it does not intend to enter an appearance on Sirvira's behalf.

Sirvira is presently in his transition period and confined to a Residential Re-Entry Center ("RRC") in Kansas City, Kansas.[10]  He is fifty-four years old and his projected release date is May 27, 2023.

## II.    Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[11]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[12]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[13] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the

---

[10] *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Dec. 15, 2022).

[11] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[12] *Id.*

[13] Pub. L. No. 115-391, 132 Stat. 5194.

receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[14]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[15]

## III.    Discussion

### A.    Exhaustion

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[16]  Here, the government concedes that Sirvira provides evidence demonstrating that he has exhausted his available remedies with management personnel at the RRC.[17]  Because Sirvira's request makes no mention of either COVID-19 or monkeypox, however, he has exhausted some but not all the claims presented to the Court  The Court thus proceeds to the merits on those claims.

### B.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling

---

[14] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[15] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[16] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[17] Doc. 254-3.

reasons.'"[18]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[19]  Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[20]

Sirvira first claims that because he was convicted of attempted Hobbs Act robbery in Count 3 rather than Hobbs Act robbery, his § 924(c) conviction in Count 4 should be vacated in the wake of *United States v. Taylor*.[21]  In that case, the Supreme Court held that attempted Hobbs Act robbery was categorically not a crime of violence under § 924(c)(3)(A).[22]  "However, *Taylor* left no room for reasonable debate that the crime-of-violence status of the completed offense of Hobbs Act robbery was not of analytical concern there."[23]  Contrary to Sirvira's position, however, he does not have a § 924(c) conviction predicated upon an attempted Hobbs Act robbery.  Instead, the facts of this case are clear that Sirvira and his co-defendants completed the

---

[18] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[19] *Id.* at 836–37.

[20] *Id.* at 837.

[21] 142 S. Ct. 2015 (2022).

[22] *Id.* at 2024.

[23] *United States v. Baker*, 49 F.4th 1348, 1360 (10th Cir. 2022); *see United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018) (holding Hobbs Act robbery is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A)).

robbery of the EZ Payday Advance and Family Dollar Store, as charged in Count 3.[24]

Accordingly, *Taylor* is not relevant to Sirvira's requested relief.[25]

Next, Sirvira claims that his sentence was disproportionate to that of his co-defendants.

Sirvira was charged along with Quartez Norwood, Henry Davis, Robert Redmond, and Xavier

Sims with several Hobbs Act robberies and related § 924(c) offenses.  Sirvira was charged in

Counts 3, 4, 5, and 6; Norwood was charged in all six counts; Davis and Redmond were charged

in Counts 1 through 4; and Sims was charged in Counts 5 and 6.  All defendants entered guilty

pleas and were sentenced as follows: Norwood 180 months[26]; Davis 84 months[27]; Redmond 60

months[28]; and Sims 35 months.[29]  Defendants' varying differences in their Guideline ranges were

based in part on criminal history and other relevant factors.  Sirvira scored a significant criminal

history category VI, which included three prior robbery convictions before the Hobbs Act

robberies at issue here.[30]  Likewise, Norwood had a criminal history category VI, while Sims had

a criminal history category III.  And Sims participated in only one of the robberies, while Sirvira

and the other co-defendants participated in multiple robberies.  Ultimately, Sirvira and Norwood

received the longest sentences.  Accordingly, the sentences are not so disparate as to constitute

an extraordinary and compelling reason for early release from Sirvira's BOP sentence.

---

[24] Doc. 138 at 3.  It appears Sirvira is confused by the language in Count 3, which incorporated the language in 18 U.S.C. § 1951, which includes the word "attempt."  Doc. 1 at 3–4.  It is well-settled, however, that the government can charge in the conjunctive but prove its case in the disjunctive.  *See United States v. Earl*, 42 F.3d 1321, 1327 (10th Cir. 1994).  That is what happened here, as there was no attempt involved in Count 3 and the robbery was fully carried out by Sirvira and his co-defendants.

[25] *See United States v. Hopkins*, No. 20-5086, 2022 WL 2610345, at *7 n.9 (10th Cir. July 8, 2022) (citing *Taylor*, 142 S. Ct. at 2020)).

[26] Doc. 105.

[27] Doc. 107.

[28] Doc. 120.

[29] Doc. 100.

[30] Doc. 139 at 13–15.

Significantly, Sirvira was facing a Guidelines sentence of 262–327 months' imprisonment, but bargained for and received a sentence of 132 months' imprisonment under Fed. R. Crim. P. 11(c)(1)(C).[31]

Finally, Sirvira argues that he should receive compassionate release because he is rehabilitated. While the Court commends Sirvira on his rehabilitation efforts, it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release.[32] Even taking all other issues into account, Sirvira's rehabilitation is not enough to warrant compassionate release. Accordingly, the Court denies Sirvira's motion on the ground that he fails to establish extraordinary and compelling reasons warranting compassionate release.[33]

### C.    Section 3553(a) Factors

Even if Sirvira had presented an extraordinary and compelling reason for compassionate release, the factors set forth in § 3553(a) do not warrant a reduction in his sentence.[34] Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the

---

[31] *Id.* at 22.

[32] *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021); *see also* 28 U.S.C. § 994(t) ("Rehabilitation . . . alone shall not be considered an extraordinary and compelling reason.").

[33] The Court further rejects Sirvira's unexhausted arguments, as he makes no claim that he is currently in an environment where there is an outbreak of either COVID-19 or monkeypox such that his immediate release is necessary. Sirvira has been vaccinated against COVID-19 and received his booster on December 20, 2021. Doc. 259 at 14. *See United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (holding "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting sentence reduction.") (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *accord United States v. Everhart*, No. 18-20031-01-DDC, 2022 WL 6101441, at *3 (D. Kan. Oct. 7, 2022) (collecting cases).

[34] *See Maumau*, 993 F.3d at 831 ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[35]  The Court considers the § 3553(a) factors in light of post-sentencing developments.[36]

While the Court takes all seven § 3553 factors into account, those most pertinent to Sirvira's case are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to promote respect for the law.  In consideration of these factors, the Court concludes that releasing Sirvira now would not leave him with a sentence that is "sufficient, but not greater than necessary."

Based on his projected release date of May 27, 2023, Sirvira has only about five months of his 132-month term of imprisonment left to serve.  However, releasing Sirvira at this relatively late stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public.  Indeed, Sirvira's crimes were violent and serious, and his bargained-for sentence of 132 months reflects a just punishment.  As noted, Sirvira was facing a lengthy sentence had he gone to trial and has not

---

[35] 18 U.S.C. § 3553(a).

[36] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (per curiam) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing."); *cf. Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

shown that the Rule 11(c)(1)(C) sentence originally imposed by this Court is no longer sound under § 3553(a).

Reducing Sirvira's sentence to time served would not reflect the seriousness of his criminal conduct or his criminal history.  Nor would it provide adequate deterrence or otherwise promote respect for the law.  The Court finds that the 132-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court denies Sirvira's motion because he fails to show extraordinary and compelling reasons warranting a sentence reduction, and the § 3553(a) factors do not support one either.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Henry Earl Sirvira's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 254) is **denied**.

**IT IS SO ORDERED.**

Dated: December 15, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE